UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JARED LeBLANC, ET AL** | : | **CIVIL ACTION NO. 20-00049** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **CROWLEY MARINE SERVICES, INC., ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiffs, Jared LeBlanc, individually and on behalf of his minor children, and Erica Austin (collectively "plaintiffs"). Doc. 9. The motion is opposed by defendants Crowley Offshore Services, Crowley Maritime Corporation, and Old Republic Insurance Company (collectively the "Crowley defendants") and by defendant Jeremy Scheil ("Scheil")[1]. Docs. 13, 31. The motion has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636 for review, report, and recommendation.

For the reasons that follow, **IT IS RECOMMENDED** that the motion be **GRANTED**.

**I.**
**BACKGROUND**

Plaintiffs filed suit in state court on September 7, 2017, alleging that Jared LeBlanc and his two minor children were injured in an automobile accident when a vehicle driven by defendant Scheil, alleged to be acting in the course and scope of his employment with the Crowley defendants, collided with his vehicle. Doc. 1, att. 3, pp. 7-13. Erica Austin, Jared LeBlanc's wife, made a claim for

---

[1] Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau"), the uninsured/underinsured motorist coverage provider for plaintiffs, was also named as a defendant in the lawsuit but has not submitted any briefing in connection with the motion.

property damage to her vehicle and loss of consortium, service, and society. *Id.*, at p. 11. Plaintiffs alleged that Scheil was negligent in causing the accident for "driving while severely intoxicated; … driving in a reckless and careless manner" and various other acts of negligence. *Id*. at p. 9, ¶ 9. They alleged that they are entitled to punitive damages for Scheil's "willful and wanton conduct for driving while intoxicated." *Id*. at p. 10, ¶ 11. Plaintiffs also alleged that the Crowley defendants were negligent in screening, supervising, training, and employing defendant Scheil. *Id.* at pp. 9-10, ¶ 9. The petition states that each plaintiff's damage claim is "legally sufficient to warrant a jury trial, but []not sufficient for federal court jurisdiction." *Id.* at pp. 11, ¶¶ 13-16.

On October 31, 2017, plaintiffs filed a First Supplemental and Amending Petition in which they included a claim against Old Republic for failing to properly adjust the property claim of Erica Austin. Doc. 1, att. 4, pp. 1-7. The petition continued to claim that plaintiffs' damages were not sufficient to warrant federal court jurisdiction. *Id.*

In May of 2019 the state court issued a Trial Notice and Pre-Trial Order setting the matter for a jury trial beginning on April 13, 2020, and setting deadlines, including a deadline to amend or supplement pleadings ninety (90) days prior to trial. Doc. 1, att. 2, p. 132. On July 1, 2019, almost two years after suit was filed, plaintiffs sent a settlement letter to defendants. Doc. 9, att. 3, pp. 1-6. Plaintiffs demanded well over $75,000 to settle the claim of each of the four plaintiffs. *Id.* In October of 2019 the state court issued a Revised Pre-Trial Order setting a deadline for amending or supplementing pleadings for December 16, 2019. Doc. 1, att. 2, p. 143.

On December 10, 2019, plaintiffs filed a Second Supplemental and Amending Petition. Doc. 1, att. 5. This pleading alleged, *inter alia*, that the Crowley defendants were also negligent for "wanton and reckless disregard for the rights and safety of others" and were "independently liable" for punitive damages. *Id.* at p. 6, ¶ 12. The petition continued to claim that plaintiffs' damages were

not sufficient to warrant federal court jurisdiction. *Id.* at p. 7, ¶¶ 15-18. The following day plaintiffs filed a Third Supplemental and Amending Petition. Doc. 1, att 6. This petition refined each plaintiff's claim for damages but removing certain claims for past medical expenses, mental anguish, pain and inconvenience, lost earning capacity, loss of consortium, and property damage. This petition also amended the paragraphs pertaining to federal court jurisdiction stating that each plaintiff's claim **is** "legally sufficient to warrant a jury trial and []legally sufficient [for] federal court jurisdiction." *Id.* at p. 7, ¶¶ 15-18. On the day after that, December 12, 2019, plaintiffs filed a Fourth Supplemental and Amending Petition. This pleading is not a part of the record in this court; however, defendant Scheil states that this petition further limited certain damages sought by plaintiffs. Doc. 31, p. 4.

Scheil removed the lawsuit to this court on January 10, 2020. Doc. 1. The Notice of Removal alleges that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Scheil contends that the removal is timely because it was filed within thirty (30) days of receipt of an amended pleading, namely the Third Supplemental and Amending Petition for damages, which gave Scheil notice that the case had become removable. *Id.* at pp. 2-4, ¶¶ 5-11. Scheil further alleges that, although removal was filed more than one year after commencement of the lawsuit which is prohibited by 28 U.S.C. § 1446(c), removal was timely because plaintiffs have acted in bad faith in order to prevent removal. *Id.* at pp. 4-5, ¶¶ 12-14. Finally, Scheil contends that diversity exists between all parties except for plaintiffs and Farm Bureau who Scheil maintains was improperly joined. *Id.* at pp. 5-8, ¶¶ 17-31.

On January 28, 2020, plaintiffs filed the instant Motion to Remand. Doc. 9. Plaintiffs allege that the removal is procedurally defective because it was filed more than thirty (30) days from receipt of a settlement letter that gave defendants notice that their claims far exceeded $75,000 and it was filed more than two years since the commencement of the lawsuit in violation of the one year limitation imposed by 28 U.S.C. § 1446(c).

In opposition to the remand defendants argue that they were not required to remove within thirty (30) days of receipt of the settlement letter because the letter should not be considered "other paper" under the 2011 amendments to 28 U.S.C. § 1446, and, even if the court should consider the letter to be "other paper," then it was a sham letter which can be ignored for removal purposes. In regard to the one-year removal limitation period, defendants contend that plaintiffs acted in bad faith in order to prevent removal so that the one-year limitation period does not apply.

Because suit was filed beyond the one-year limitation period we must consider that issue first. We must determine if defendants have met their burden of showing that plaintiffs acted in bad faith in order to prevent removing the action and thus were relieved of that limitation period. If we determine that defendants have met that burden then we will turn to the issue of whether the settlement demand would have acted as the "other paper" requiring removal within thirty (30) days of receipt.

## II.
### LAW AND ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 29 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

The timeliness of removal is governed by 28 U.S.C. § 1446(b), which provides, in part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> \*\*\*
>
> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). However, even if a defendant receives notice that the case has become removable after the initial pleading, section 1446(c)(1) provides that "[a] case may not be removed under [the other paper exception] on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

In order to determine whether a plaintiff has acted in bad faith to prevent removal, "the question is what motivated the plaintiff *in the past* —that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.'" *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293(5th Cir.2019)(emphasis original)(citing 28 U.S.C. § 1446(c)(1). "The determination of bad faith is left to the discretion of the district court, but 'the exception to the bar of removal after one year is limited in scope.'" *Rantz v. Shield Coat, Inc.*, 2017 WL 3188415, *5, (E.D. La. July 26, 2017)(citing *Bryson v. Wells Fargo Bank, N.A.*, 2016 WL 1305846, *4 (E.D. Tex. Mar. 31, 2016). A finding of bad faith requires a "transparent attempt to circumvent federal jurisdiction." *H & E Equip. Servs., Inc. v. URS Corp. Architecture, P.C.,* 2018 WL 7625357, *3 (M.D. La. Dec. 21, 2018)(citing *Williams v. Mor-Tem Risk Mgmt. Servs., Inc.*, 2012 WL 1014752, *5 (W.D. La. Mar. 22, 1012). The burden of showing that plaintiff acted in bad faith to prevent removal lies with the removing defendant. *See DeAugular v. Boeing Co.*, supra.

In *Hoyt*, the Fifth Circuit affirmed the district court's decision that the plaintiffs acted in bad faith by dismissing a nondiverse defendant just two days after the one-year removal deadline expired

and for doing so without receiving any consideration in return for the dismissal. *Hoyt,* 927 F.3d at 292. The court also noted that the record showed the plaintiffs knew for months prior to the dismissal that the evidence would not support a claim against the non-diverse defendant and they "half-heartedly" pursued those claims, waited until the one year period expired, and then dismissed the defendant "for free." *Id.* at 292-93. Because the plaintiffs failed to explain why the settlement and dismissal occurred just two days after the one-year deadline expired, the Fifth Circuit found that the district court did not commit clear error in finding that the plaintiffs acted in bad faith. *Id.* at 293.

Here, defendants argue that plaintiffs were in bad faith because they failed to disclose that the actual amount in controversy was sufficient for federal jurisdiction until they filed their Third Supplemental and Amending Petition on December 11, 2019.[2] Doc. 31, p. 43. Defendants maintain that plaintiffs knew as early as October 31, 2017, that they would need to amend their pleading because medical treatment was complete and the punitive damage claim coupled with a potentially large amount of insurance coverage could lead to damages that would exceed $75,000. *Id.* Yet, according to defendants, plaintiffs were "bid[ing] their time and mak[ing] the move when the time was right." *Id.*

Conversely, plaintiffs maintain that the timing of their amendment is not suspicious. The amendment was filed over two years after the case was filed and over one year past the one-year removal deadline. As plaintiffs explain, the case was set for trial in state court to begin on April 13, 2020. Doc. 25, p. 5. The Revised Pre-Trial Order set a deadline of December 16, 2019 to file any amended pleadings. *See* Doc. 1, att. 2, p. 143. Plaintiffs filed their second, third (the pleading that

---

[2] Defendants also argue plaintiffs were in bad faith when they sent a sham settlement letter in July 2019. Doc. 31, p. 43. Without commenting on whether or not the letter was a sham such that it could be ignored for removal purposes, the court is uncertain how this argument would tend to show that plaintiffs were "transparently attempting to circumvent federal jurisdiction" when the settlement letter demanded a sum far in excess of $75,000.

-6-

alleged the amount in controversy exceeded $75,000) and fourth amended petition on December 10, 11, and 12, 2019.

Unlike *Hoyt,* we find the facts here more akin to a case relied upon by plaintiffs, *National MGA Ins. Alliance, Inc. v. Illinois Mut. Life Ins. Co.*, 2019 WL 6311376, (W.D. Tex. Nov. 25, 2019). In that case plaintiff increased the amount in controversy to potentially more than $75,000 by adding a new cause of action to the complaint after the one-year removal deadline had expired. *Id.* at *3. The district court distinguished the case from *Hoyt* and found that there was no bad faith because plaintiff's conduct occurred nearly two years after the commencement of the action and ten months after the expiration of the one-year deadline. *Id.* The court stated that there was no "suspicious timing" like in *Hoyt* and "something other than the one-year removal deadline motivated Plaintiff to amend." *Id.*

We do not find anything suspicious about the timing of plaintiffs amended complaint and do not find that it was done in bad faith in order to prevent removal. There was a significant gap between the one-year removal deadline and plaintiffs' amendment—one year and three months. And the record shows that plaintiffs were acting under a court-imposed deadline to file their amended pleadings when the petition alleging that damages exceeded $75,000 was filed. Consequently, we find that defendants have not met their burden of showing that the plaintiffs engaged in bad faith conduct to prevent removal. Accordingly, we will not apply the bad faith exception to the one-year removal deadline set forth in 28 U.S.C. § 1446(c)(1) and will recommend that plaintiff's motion to remand should be granted. And because we conclude defendants have failed to prove bad faith sufficiently to avoid the one-year limitation, we need not address what "other paper" should have triggered the thirty (30) day removal period.

Plaintiffs also seek attorney's fees incurred in conjunction with the filing of his motion. The decision to grant or deny attorney's fees is within the discretion of the court and an award of such fees and costs is not automatic under 28 U.S.C. § 1447(c). *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir.2000). The Fifth Circuit has stated that attorney's fees "should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'" *Hornbuckle v State Farm Lloyds*, 385 F.3d 538 (5th Cir.2004) (citing *Valdes,* 199 F.3d at 293). Finding an objectively reasonable basis for seeking removal, plaintiff's motion for attorney's fees should be denied.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [Doc. 9] be **GRANTED** and the Motion for Attorney's Fees be **DENIED**.

Under the provisions of 28 U.S.C. §636 Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 15th day of October, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE